## Wise et al. v. Levin

*W. Justin Carter*, for plaintiffs.

*H. Albert Lehrman*, for defendant.

Fox, J., May 26, 1941.—This matter comes before us upon a rule to show cause "why a judgment from a justice of the peace should not be reversed for want of juris-

diction and why service of the statement of claim should not be set aside".

A stipulation has been filed in substance averring that plaintiff, H. D. Wise, has another adult son, beside his son Alvin; that the other son is not associated with H. D. Wise in business; that the other son is a grown individual and is employed elsewhere, but is known in his father's community and has for quite some time resided there.

The question in the case is, were plaintiffs operating their business under a fictitious name and did they violate the provisions of the Act of June 28, 1917, P. L. 645, relating to the registration of fictitious names.

The Act of 1917, supra, provides that no action at law or in equity shall be instituted, or recovery had on any contract, express or implied, until there has been compliance with the provisions of the act, relating to filing of certificate by business conducted under a fictitious or assumed name; and provides for the payment of a fee of $25 before an action may be instituted on any cause of action arising prior to filing of the certificate provided for.

In the transcript of the justice of the peace, the caption of the suit is: "H. D. Wise and Son, Alvin, Union Deposit, Pa."; the appeal carries the caption "H. D. Wise and son, Alvin"; plaintiff's statement is captioned "H. D. Wise and son, Alvin; the petition for a more specific statement of claim, "H. D. Wise and son, Alvin;" the amended statement of claim, "H. D. Wise and Alvin W. Wise, trading as H. D. Wise and Son"; the petition for the rule to show cause why judgment of the justice of the peace should not be reversed, "H. D. Wise and son Alvin"; the answer to the petition and rule, "H. D. Wise and son, Alvin"; and the stipulation, "H. D. Wise and son, Alvin." The name of defendant throughout the pleadings is "A. Levin."

Paragraph 6 of the answer to the petition avers: "The sixth paragraph of defendant's petition is denied. Plaintiff H. D. Wise and son are partners trading and doing business as H. D. Wise and son, Alvin." This is a respon-

sive answer to the petition and, under Pa. R. C. P. 209, must be admitted.

In Goodrich-Amram Civil Practice, §209-1, it is said:

"By Rule 209, it is provided that after the filing and service of an answer, a petitioner must proceed within fifteen days of such service to take depositions or order the case for argument on petition and answer. If the petitioner fails to proceed in this manner, the respondent may take a rule as of course upon the petitioner to show cause why he should not take depositions or put the case down for argument on the petition and answer. If this rule to show cause is made absolute, but the petitioner fails to take depositions or order the case down, the respondent may order the case for argument on petition and answer. If the case is ordered for argument, regardless of which party makes the order, 'all averments of fact responsive to the petition and properly pleaded in the answer' are deemed admitted for the purpose of the argument."

Neither party took a rule for depositions and the counsel for plaintiffs listed the case for argument.

We must, therefore, take the allegation in the answer, to wit, "Plaintiff H. D. Wise and Son are partners trading and doing business as H. D. Wise and son, Alvin," to be true.

The appellation of the partnership being "H. D. Wise and son, Alvin", we cannot see wherein plaintiffs violated the provisions of the Act of 1917, supra, relating to the registration of fictitious names. In the said name, the two partners are properly identified. The purpose of the said act is to protect the public against imposition and fraud, prohibiting persons from concealing their identity by doing business under assumed names, making it unlawful to use other than their real names in transacting business, without a public record of who they are, available for use of the court, and to punish those who violate the act. The use of the names, H. D. Wise and son, Alvin, is no concealment of the identity of the partners and, it

being their own names, is not assuming a fictitious name.

Wherefore, we are of the opinion that the rule should be discharged and defendant given 15 days from the date of the filing of this opinion to file an affidavit of defense to the merits.

And now, May 26, 1941, upon due consideration, the rule is discharged and defendant is given 15 days from the date hereof to file an affidavit of defense to the merits.